UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TAMA TROPICAL INC.,

    *Plaintiff*,

v.

BEST POINT TROPICALS CORP. & JAVIER LUQUE, Individually and in his corporate capacity.

    *Defendants*.

Civil Action No. 16-4968

**ORDER**

**John Michael Vazquez, U.S.D.J.**

    **THIS MATTER** comes before the Court by way of Plaintiff Tama Tropical Inc.'s ("Tama Tropical") unopposed Motion for Default Judgment as to Defendant Best Point Tropicals Corp. ("Best Point").[1] D.E. 8. This matter concerns Best Point and Javier Luque's alleged non-payment for produce delivered by Tama Tropical; and it

    **APPEARING** that even when a party is actually in default "the other side is not entitled to the entry of default judgment as of right, and the entry of such a judgment is left primarily to the discretion of the district court." *Sanchez v. Franzzano*, No. 15-2316, 2016 WL 2892551, at *1 (D.N.J. May 12, 2016); and it further

    **APPEARING** that in evaluating whether to enter default judgment pursuant to Fed. R. Civ. P. 55(b), the court must determine whether (1) it has subject matter jurisdiction over the matter

---

[1] The motion for default judgment was initially filed against Defendant Javier Luque as well. Since the filing of the motion, the parties agreed to extend Luque's time to answer. D.E. 10. On January 13, 2017, Luque timely filed an answer. D.E. 11.

and personal jurisdiction over the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proven damages. *Days Inn Worldwide, Inc. v. Tulsipooja Hospitality, LLC*, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016). The Court must also consider "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 849 (D.N.J. 2008); and it further

**APPEARING** that the Court must accept all well-pleaded facts in the pleadings as true, except as to damages. *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); *see also Int'l Union of Operating Eng'rs of E. Pa. & Del. Benefit Pension Fund. v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). If damages are not mathematically computable or liquidated, a plaintiff must prove the damages sought. A court has discretion to hold a hearing to establish the plaintiff's damages or to rely on documentary evidence. *See Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009); *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009); and it further

**APPEARING** that "[i]f a default is entered against some defendants in a multi-party case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against the non-defaulting defendants." *Animal Sci. Prods., Inc.*, 596 F. Supp. 2d at 849; *see also* 10A Charles A. Wright et al, Fed. Prac. & Proc. § 2690 (3d ed. 2015) (when several defendants have closely related defenses "entry of judgment also should await an adjudication of the liability of nondefaulting defendants"). This is because courts do not want to "create the risk of potentially inconsistent judgments." *Eteam, Inc. v. Hilton Worldwide Holdings,*

*Inc.*, No. 15-5057, 2016 WL 54676, at *3 (D.N.J. Jan. 5, 2016) (denying motion for default judgment where allegations against defaulting and nondefaulting defendants were identical); and it further

**APPEARING** that this matter involves two defendants. Best Point has not answered Complaint, while Luque appears to be actively litigating the case. Moreover, it appears that the total damages sought from each Defendant are the same and the causes of action arise from the same set of common facts. Consequently, entering a default judgment at this time would not be prudent due to the risk of potentially inconsistent judgments. Default judgment at this time is therefore not appropriate and Plaintiff may refile its motion at the conclusion of the case if it so chooses; therefore

For the foregoing reasons, and for good cause shown

**IT IS** on this 11th day of April, 2017, hereby

**ORDERED** that Plaintiff's Motion for Default Judgment as to Best Point Tropicals Corp., D.E. 8, is **DENIED** without prejudice.

_____
John Michael Vazquez, U.S.D.J.